Dear Representative Robinson,
The Attorney General has received your request for an opinion wherein you ask, in effect, the following question:
Would the appointment of a relative, by marriage, to-wit, the auntrelated by blood to the spouse of a city council person, to the office ofmunicipal city clerk violate Oklahoma's Nepotism Statutes?
Title 11 O.S. 8-106 (1977) provides, in part:
 "It shall be unlawful for any elected or appointed official or other authority of the municipal government to appoint or. elect any person related to any governing body member, or to himself, or in the case of a plural authority to any of its members, by affinity, or consanguinity within the third degree, to any office or position of profit in the municipal government . . ." (Emphasis added).
It is clear from the above-cited provisions that the appointment by any municipal official of any relative, within the third degree of affinity or consanguinity, violates the specific statutory authority applicable to municipal government.
Next, it must be determined from your factual situation whether an aunt of the spouse of a council person comes within the third degree of affinity, thereby making her ineligible for appointment to the Municipal City Clerk's Office.
In determining degrees of relationship, the Attorney General's Office since April 4, 1932, and numerous opinions thereafter has calculated the degrees of relationship in accordance with the civil law as expressed by Barton v. Alexander, Idaho, 148 P. 47 (1915) wherein the court stated:
 ". . . Under the civil law, it is an easy matter to determine who comes within the third degree of relationship by affinity or consanguinity. Under the act in question an officer cannot appoint the following relatives of either himself or his wife: Parents, grandparents, and great-grandparents; uncles and aunts; brothers and sisters; children, grandchildren, great-grandchildren; nephews and nieces." (Emphasis added).
There being no Oklahoma decisions contra, it must be concluded that the aunt of the spouse of a council person is within the third degree of affinity and prohibited from serving in the Office of City Clerk during the tenure of her relative.
Therefore, it is the opinion of the Attorney General that it would be aviolation of 11 O.S. 8-106 (1977) (Oklahoma Municipal Nepotism Statute)to appoint the aunt of a council member's spouse to the Office of CityClerk since the aunt would be related to the council person within thethird degree of affinity.
JAN ERIC CARTWRIGHT, ATTORNEY GENERAL OF OKLAHOMA
WILLIAM S. FLANAGAN, ASSISTANT ATTORNEY GENERAL